| Fill in this information to identify your case: |
|---|

United States Bankruptcy Court for the:

DISTRICT OF NEVADA

Case number *(if known)* _____   Chapter  **11**

☐ Check if this an amended filing

Official Form 201
**Voluntary Petition for Non-Individuals Filing for Bankruptcy**      4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Gypsum Resources Materials, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | FDBA  High Grade Gypsum, LLC |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 45-4811334 |
| 4. | **Debtor's address** | **Principal place of business**<br>**8212 Spanish Ridge, Suite 200**<br>**Las Vegas, NV 89148**<br>Number, Street, City, State & ZIP Code<br><br>**Clark**<br>County | **Mailing address, if different from principal place of business**<br><br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>**8360 Hwy 159 Blue Diamond, NV 89004**<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **Gypsum Resources Materials, LLC**          Case number (*if known*)
       Name

7. **Describe debtor's business**     A. *Check one:*

  ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
  ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
  ☐ Railroad (as defined in 11 U.S.C. § 101(44))
  ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
  ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
  ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
  ■ None of the above

  B. *Check all that apply*
  ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
  ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
  ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

  C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
     See http://www.uscourts.gov/four-digit-national-association-naics-codes.
     ____

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

  ☐ Chapter 7
  ☐ Chapter 9
  ■ Chapter 11. *Check all that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  ☐ A plan is being filed with this petition.
  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

  ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

  ■ No.
  ☐ Yes.

  If more than 2 cases, attach a separate list.

  | District | When | Case number |
  |---|---|---|
  | District | When | Case number |

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

  ☐ No
  ■ Yes.

  List all cases. If more than 1, attach a separate list

  Debtor **Gypsum Resources, LLC**     Relationship **Affiliate**
  District **Nevada**     When ____     Case number, if known ____

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 2

Debtor  **Gypsum Resources Materials, LLC**                                               Case number (*if known*) _____
       Name

| 11. | Why is the case filed in *this district*? | Check all that apply: |
|---|---|---|
| | | ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ■ No |
|---|---|---|
| | | ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |

    **Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
                    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

---

■ **Statistical and administrative information**

| 13. | Debtor's estimation of available funds | . | Check one: |
|---|---|---|---|
| | | | ■ Funds will be available for distribution to unsecured creditors. |
| | | | ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| 14. | Estimated number of creditors | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>■ 200-999 | ☐ 1,000-5,000<br>☐ 5001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|
| 15. | Estimated Assets | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>■ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |
| 16. | Estimated liabilities | ☐ $0 - $50,000<br>☐ $50,001 - $100,000<br>☐ $100,001 - $500,000<br>☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million<br>■ $10,000,001 - $50 million<br>☐ $50,000,001 - $100 million<br>☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion<br>☐ $1,000,000,001 - $10 billion<br>☐ $10,000,000,001 - $50 billion<br>☐ More than $50 billion |

Debtor  **Gypsum Resources Materials, LLC**  Case number (*if known*) _____
       Name

---

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **July 26, 2019**
              MM / DD / YYYY

X _____
Signature of authorized representative of debtor

**James M. Rhodes, President of Truckee Springs Holdings, LLC**
Printed name

Title **Manager of Gypsum Resources, LLC**

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Date **July 26, 2019**
     MM / DD / YYYY

**Brett A. Axelrod 5859**
Printed name

**Fox Rothschild LLP**
Firm name

**1980 Festival Plaza Drive, Suite 700**
**Las Vegas, NV 89135**
Number, Street, City, State & ZIP Code

Contact phone **(702) 262-6899**  Email address **baxelrod@foxrothschild.com**

**5859 NV**
Bar number and State

---

Official Form 201      **Voluntary Petition for Non-Individuals Filing for Bankruptcy**      page 4

## GYPSUM RESOURCES MATERIALS, LLC

## ACTION BY WRITTEN CONSENT OF THE MANAGER

IT IS RESOLVED that in the judgment of the Manager, it is desirable and in the best interests of GYPSUM RESOURCES MATERIALS, LLC, a Nevada limited liability company (the "Company"), that the Company commence a chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under the provisions of chapter 11 of title 11, of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"); and it is

FURTHER RESOLVED that the Manager of the Company or any other duly authorized officer or officers (the "Proper Officers") of the Company are hereby authorized and empowered to execute and verify or certify on behalf of, and in the name of, the Company, a voluntary petition for relief under chapter 11 of the Bankruptcy Code and to cause appropriate documents to be filed in the United States Bankruptcy Court for the District of Nevada, and any affidavits, forms, schedules, lists, applications or any other pleadings or documents which are necessary or appropriate to file the voluntary petition; and it is

FURTHER RESOLVED that the Proper Officers of the Company be, and they hereby are, authorized and empowered to execute on behalf of, and in the name of, the Company any and all plans of reorganization under chapter 11 of the Bankruptcy Code, including any and all modifications, supplements, and amendments thereto, and to cause the same to be filed in the United States Bankruptcy Court for the District of Nevada at such time as said authorized officer executing the same shall determine; and it is

FURTHER RESOLVED that in connection with the commencement of the chapter 11 case by the Company, the Proper Officers of the Company be and hereby are, authorized and empowered on behalf of, and in the name of, the Company to execute and file all first-day pleadings and related documents on such terms and conditions as such officer or officers executing the same may consider necessary, proper or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company; and it is

FURTHER RESOLVED that the law firm of Fox Rothschild, LLP, is hereby employed as general bankruptcy counsel for the Company upon such terms and conditions as the Proper Officers shall approve, to render legal services to, and to represent, the Company in connection with the chapter 11 case, subject to Bankruptcy Court approval, and in connection therewith, the Proper Officers of the Company are hereby authorized and directed to execute appropriate retention agreements and pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case and cause to be filed with the Bankruptcy Court an appropriate application for authority to retain the services of such firm; and it is

FURTHER RESOLVED that the Proper Officers of the Company are hereby authorized to employ and retain on behalf of the Company such other professionals as

Active\95999140.v1-7/15/19

they deem necessary or appropriate upon such terms and conditions as the Proper Officers shall approve, to provide services to the Company as may be requested by the Property Officers of the Company in connection with the chapter 11 case and with respect to other related matters, with a view to the successful prosecution of such case; and it is

FURTHER RESOLVED that the Proper Officers of the Company be, and they hereby are, authorized and empowered to obtain post-petition financing according to terms negotiated, or to be negotiated, by management of the Company, including under debtor-in-possession credit facilities or relating to the use of cash collateral, and to enter into any guarantees and to pledge or grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreements, and in connection therewith, such affairs of the Company, are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents; and it is

FURTHER RESOLVED that the Proper Officers of the Company are authorized and directed to take any and all further action, and to execute and deliver in the name of, and on behalf of, the Company, any and all such other and further instruments and documents and to pay all such expenses (subject to Bankruptcy Court approval), where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

FURTHER RESOLVED that all acts lawfully done or actions lawfully taken by the Proper Officers or the Manager of the Company to file the voluntary petition for relief under chapter 11 of the Bankruptcy Code or in any other connection with the chapter 11 case of the Company, or any matter related thereto, or by virtue of these resolutions be, and hereby are, in all respects ratified, confirmed, and approved.

IN WITNESS WHEREOF, the undersigned has signed this Written Consent as of this 15th day of July 2019.

**GYPSUM RESOURCES, LLC,**
**a Nevada limited liability company**

By: Truckee Springs Holdings, Inc.,
     a Nevada corporation
Its: Manager

By: _____
     James M. Rhodes, President

Active\95999140.v1-7/15/19